# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

BRANDON J. TAYLOR,

        Petitioner,    :    Case No. 2:21-cv-5103

- vs -    Chief Judge Algenon L. Marbley
    Magistrate Judge Michael R. Merz

WARDEN, Southeastern
 Correctional Institution,

    :
    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Brandon Taylor pursuant to 28 U.S.C. § 2254 to obtain relief from his October 29, 2018, conviction in the Fayette County Court of Common Pleas. The case is pending on the Petition (ECF No. 1), the State Court Record (ECF No. 7), the Respondent's Return of Writ (ECF No. 8), and Petitioner's Reply (ECF No. 11)[1].

**Litigation History**

On February 2, 2018, the Fayette County Grand Jury indicted Taylor on one count of aggravated robbery, with a firearm specification in violation of Ohio Revised Code § 2911.01(A)(1) and (C), (Count 1); one count of felonious assault with a firearm specification in violation of Ohio Revised Code § 2903.11(A)(1) and (D)(1)(a)(Count 2); one count of felonious assault with a firearm

---

[1] All of the exhibits appended to the Reply consist of pages of the record in this Court previously filed as can be seen from the ECF banner at the top of each page. Petitioner's reason for re-filing them is unclear.

1

specification in violation of Ohio Revised Code § 2903.11(A)(2) and (D)(1)(a)(Count 3); one count of tampering with evidence in violation of Ohio Revised Code § 2921.12(A)(1) and (B)(Count 4), and one count of discharge of a firearm on or near prohibited premises in violation of Ohio Revised Code § 2923.162(A)(2) and (C) (Count 5). (Indictment, State Court Record ECF No. 7, Exhibit 1).  A trial jury found Taylor guilty on all counts.  After merger of allied offenses, the court imposed an aggregate sentence of fourteen years.

Through new counsel, Taylor appealed to the Ohio Twelfth District Court of Appeals which affirmed his conviction.  *State v. Taylor*, 2019-Ohio-3437 (Ohio App. 12th Dist. Aug. 29, 2019), appellate jurisdiction declined, 160 Ohio St. 3d 1419 (2020).

Taylor next filed his Petition for Writ of Habeas Corpus in this Court, pleading *pro se* the following grounds for relief

> **Ground One**: Trial counsel rendered ineffective assistance during trial. Violation of Fifth, Sixth and Fourteenth Amendments.
>
> **Supporting facts:** Counsel failure to peremptorily strike a juror who has stated conflict of interest, allowing the juror to remain on the panel, without exercising one remaining peremptory challenge.
>
> **Ground Two**: A trial court errs and caused prejudice of appellant when it refused to allow cross-examination of witness.
>
> **Supporting facts:** Trial court denied cross-examination of a 10-year-old prior conviction without a meaning [sic] explanation, when this evidence showed the seller could have been the perpetrator, not appellant. 2) The trial restricts the defense from using evidence that the state provided to the defense obviates the use of the lack of notice as a basis for denying the defense the use of the prior conviction. 3) The nature of the court discretion can be found arbitrarily.
>
> **Ground Three**: Trial court errs in denying Crim.R. 29 evidence presented insufficient in violation of 5th, 6th. And 14th Amend.
>
> **Supporting facts**:
> One. State's evidence did not include any physical marijuana or money
> 2) Causation is an essential element of the offense of felonious assault, this case only show controverted facts over who held the gun when it discharged.

>  3) Tampering with evidence requires proof of a purpose to impair.
>
>  **Ground Four:** Verdict was against the manifest weight of the evidence in violation of the Fifth and Fourteenth Amendment.
>
>  **Supporting facts**: One. The state never found any drugs or money nor any physical evidence of either. 2) The state failed to show a theft offense, and the trial court erred in denying motion for acquittal. In the alternative, the jury clearly lost its way when it found appellant guilty.

(Petition, ECF No. 1, PageID 5-10).

## Analysis

**Ground One:  Ineffective Assistance of Counsel:  Failure to Excuse a Juror**

In his First Ground for Relief, Taylor claims he received ineffective assistance of trial counsel in violation of the Sixth Amendment when his trial attorney failed to peremptorily excuse a juror who had worked in the sheriff's office and was currently employed as a probation officer. Respondent defends this Ground for Relief on the merits, asserting the Twelfth District's decision is entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

Petitioner apparently believes Respondent has raised a procedural defense (e.g., lack of exhaustion or procedural default) to merits consideration of Ground One.  See Reply, ECF No. 11, PageID 588-89.  The Court finds no such defense raised in the Return and in fact Taylor raised this claim in his First Proposition of Law in his Memorandum in Support of Jurisdiction in the Supreme Court of Ohio.  (Notice of Appeal and Jurisdictional Memorandum, State Court Record, ECF No. 7, Ex. 12, PageID 142-43).

In defense of Ground One, Respondent urges the Court to defer to the Twelfth District's decision on this claim. That court decided the claim as follows:

> {¶ 13} Assignment of Error No. 1:
>
> {¶14} TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE DURING TRIAL IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.
>
> {¶ 15} Appellant argues that defense counsel was ineffective during voir dire for failing to use a peremptory challenge to remove juror M., a former employee of the Fayette County Sheriff's Office and current employee of a probation department. Defense counsel used three peremptory challenges to excuse two other jurors and an alternate juror.
>
> {¶ 16} To establish ineffective assistance of counsel, appellant must show (1) deficient performance by counsel, that is, performance falling below an objective standard of reasonable representation, and (2) prejudice, that is, a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62, 873 N.E.2d 828. The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *State v. Petit*, 12th Dist. Madison No. CA2016-01-005, 2017-Ohio-633, ¶ 39.
>
> {¶ 17} Voir dire is largely a matter of strategy and tactics. *State v. Cruz*, 12th Dist. Butler No. CA2012-03-059, 2013-Ohio-215, ¶ 40, citing *State v. Keith*, 79 Ohio St.3d 514, 521, 684 N.E.2d 47 (1997). Decisions on the exercise of peremptory challenges are a matter of experience and trial technique and are a part of that strategy. *State v. Goodwin*, 84 Ohio St.3d 331, 341, 703 N.E.2d 1251 (1999). Defense counsel, who observes the jurors firsthand, is in a much better position to determine whether a prospective juror should be peremptorily challenged. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, ¶ 99, 911 N.E.2d 242. "[B]ecause the use of peremptory challenges is inherently subjective and intuitive, an appellate record will rarely disclose reversible incompetence in this process." *Mundt*, 2007-Ohio-4836 at ¶ 83, 115 Ohio St.3d 22, 873 N.E.2d 828.

4

*3 {¶ 18} Appellant has failed to establish that defense counsel was deficient or that he was prejudiced by defense counsel's failure to use a peremptory challenge against juror M. With regard to prejudice, "when a defendant bases an ineffective-assistance claim on an assertion that his counsel allowed the impanelment of a biased juror, the defendant '*must* show that the juror was *actually biased* against him.'" (Emphasis sic.) *Mundt* at ¶ 67, quoting *Miller v. Francis*, 269 F.3d 609, 616 (6th Cir.2001).

{¶ 19} The voir dire transcript reflects a number of instances where juror M.'s responses to questions were inaudible. "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Appellant has not attempted to reconstruct the voir dire record under App.R. 9. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, must presume the validity of the proceedings below. *Id.* Appellant has therefore failed to show that juror M. was actually biased against him.

{¶ 20} Further, the record does not demonstrate "reversible incompetence" in defense counsel's decision not to use one of his four peremptory challenges against juror M. The record is devoid of any information regarding one of the excused jurors. As for the other excluded jurors, including the alternate juror, the voir dire transcript once again reflects that their answers to questions were inaudible. Nevertheless, it could very well be that the jurors peremptorily challenged by defense counsel were deemed to be jurors more damaging to appellant's case than juror M., based on their questionnaires (which are not before us) and their demeanor and answers during voir dire. The reasons to peremptorily challenge these jurors might have been readily apparent to those viewing these jurors as they answered their questions. See *Keith*, 79 Ohio St.3d 514, 684 N.E.2d 47; *Cruz*, 2013-Ohio-215. As the Ohio Supreme Court recognized, "[f]ew decisions at trial are as subjective or prone to individual attorney strategy as juror voir dire, where decisions are often made on the basis of intangible factors. The selection of a jury is inevitably a call upon experience and intuition." *Mundt*, 2007-Ohio-4836 at ¶ 83, 115 Ohio St.3d 22, 873 N.E.2d 828.

{¶ 21} We therefore find that defense counsel was not ineffective for failing to use a peremptory challenge against juror M. Appellant's first assignment of error is overruled.

*State v. Taylor,* 2019-Ohio-3437.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id.*, at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id.*, at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

Here the Twelfth District decided Taylor's ineffective assistance of trial counsel claim on the merits, applying relevant federal precedent, particularly *Strickland v. Washington,* 466 U.S. 668 (1984), and Ohio precedent applying *Strickland*.  Taylor states in conclusory terms that *Strickland* was not reasonably applied, but makes no particular argument about what is unreasonable in the Twelfth District's decision.  Nor does he point to any place in the record where the juror he believes should have been excused demonstrated actual bias against him.  It is true that, prima facie, one might suspect a long-term law enforcement employee to have a bias in criminal cases, but no evidence in the record bears out the presence of bias here.  Long-term exposure to the reality of the justice system may in fact foster skepticism.

In addition, as the Twelfth District points out, Taylor presented them with no data regarding other excused jurors or who was a possible choice to replace this particular juror if she was excused.  As that court also pointed out, choosing jurors is a uniquely strategic exercise and there is no basis in the record for finding this strategic choice to be incompetent or prejudicial.

The Twelfth District's application of *Strickland* is completely reasonable.  Taylor's First Ground for Relief should therefore be denied on the merits.

**Ground Two:  Denial of Confrontation Clause Rights**

In his Second Ground for Relief, Taylor asserts his Sixth Amendment right to confront the witnesses against him was violated when the trial court refused to allow cross-examination of a State witness about a prior conviction.

8

Respondent asserts decision of this claim on the merits is barred by Taylor's failure to present it to the Ohio courts as a federal constitutional claim (Return, ECF No. 8, PageID 559). Taylor responds that he did fairly present this claim as a constitutional claim by asserting the trial court's ruling was in violation of Evidence Rule 609.

> Evid.R. 609 is a State and Federal Rule of the same code and numbers, therefore, Taylor included a confrontation clause violation argument in Assignment of Error Two - phrased his claim in terms of constitutional law, and alleged facts well within the mainstream of constitutional law. This finding is further strengthened by the fact that the court of appeals squarely addressed Taylor's cross-examination confrontation clause violation argument. Therefore, Taylor fairly presented his constitutional law, and Respondent's argument is contrary and unreasonable application.

(Reply, ECF No. 11, PageID 590-91).

In his Brief on appeal to the Twelfth District, Taylor raised two issues in his Second Assignment of Error, both directed to application of Ohio R. Evid. 609. First he noted that Rule 609 permits use of a conviction more than ten years old "only upon a trial court's determination that its probative value substantially outweighs its prejudicial effect." (Appellant's Brief, State Court Record, ECF No. 7, Ex. 6, PageID 55). His asserted error is that the trial judge did not explain why the probative value of the prior conviction did not outweigh its prejudicial effect. *Id.*

Taylor's second Rule 609 issue is that the Rule requires pre-trial written notice of intent to use a prior conviction which Taylor had not given. He argued his failure was excused because the State had the information through discovery and it was therefore error for the trial judge to use lack of written notice as a reason for denial of use of the prior conviction. *Id.* No federal constitutional cases are cited. The argument is entirely in terms of trial court abuse of discretion and the Confrontation Clause is not mentioned.

Taylor's argument in his Reply is also unavailing. The fact that the Ohio courts and federal

9

courts have a similarly-numbered rule on the use of past convictions proves nothing: Taylor's arguments on appeal were not about the Confrontation Clause but about interpretation and application of the text of Rule 609.

Taylor procedurally defaulted his Second Ground for Relief by failing to fairly present it to the Ohio courts as a constitutional claim. The Second Ground for Relief should be dismissed with prejudice on that basis.

**Ground Three: Conviction on Constitutionally Insufficient Evidence**

In his Third Ground for Relief, Taylor claims he was convicted on constitutionally insufficient evidence.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the

criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. 237 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*,

11

541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam). The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

*Thompson v. Skipper*, 981 F.3d 476 (6th Cir.,2020). "To evaluate a sufficiency-of-the-evidence claim, we consider 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. (quoting *Jackson*, 443 U.S. at 324)."

The state court's application "must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *Nagy*, 962 F.3d at 199 (quoting *White v. Woodall,* 572 U.S. 415, 419

12

(2014)). In other words, "relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *Woodall*, 572 U.S. at 427 (quoting *Harrington v. Richter,* 562 U.S. 86, 103 (2011)).

Together, Jackson and AEDPA's two layers of deference dictate that "a federal court's 'review of a state-court conviction for sufficiency of the evidence is very limited.'" *Tackett v. Trierweiler,* 956 F.3d 358, 367 (6th Cir. 2020) (quoting *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018)).

The Twelfth District decided this claim along with Taylor's manifest weight claim, holding:

> [*P40] Appellant argues that his convictions for aggravated robbery, felonious assault, and tampering with evidence were not supported by sufficient evidence and were against the manifest weight of the evidence.
>
> [*P41] When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Workman*, 12th Dist. Clermont Nos. CA2016-12-082 and CA2016-12-083, 2017-Ohio-8638, ¶ 20. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Watson,* 12th Dist. Warren No. CA2014-08-110, 2015-Ohio-2321, ¶ 22.
>
> [*P42] To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Bradbury*, 12th Dist. Butler No. CA2015-06-111, 2016-Ohio-5091, ¶ 17. An appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the

13

evidence presented at trial weighs heavily in favor of acquittal. Id. at ¶ 18. A "determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency." *State v. Peyton*, 12th Dist. Butler No. CA2015-06-112, 2017-Ohio-243, ¶ 48.

[*P43] Appellant was convicted of aggravated robbery in violation of R.C. 2911.01(A)(1) for using a firearm in the commission of a theft of marijuana from Watkins. Appellant argues that the state failed to prove a theft offense occurred because no money or marijuana was ever recovered; furthermore, Watkins' testimony was not credible.

[*P44] We find that the jury did not lose its way and create a miscarriage of justice in finding appellant guilty of aggravated robbery. Watkins testified that he met with Mosley on the parking lot of the church to sell him a pound of marijuana for $3,000 and that he transported the marijuana in the trunk of his car. This testimony was corroborated by Agent Fortner's testimony there was an odor of marijuana in the trunk of Watkins' car. After Watkins handed the marijuana to Mosley and as the two men sat in Watkins' car, appellant approached the vehicle, pointed his handgun at Watkins, ordered him out of the car, and demanded the marijuana. Watkins' trial testimony and appellant's statements to Sergeant Fausnaugh show that following the discharge of appellant's handgun, appellant and Mosley fled the scene with the marijuana without paying for it. The foregoing evidence, if believed, was enough to convict appellant of aggravated robbery. As the trier of fact, the jury was in the best position to judge Watkins' credibility and determine what weight to give to his testimony. *State v. Wright*, 12th Dist. Fayette No. CA2017-10-021, 2018-Ohio-1982, ¶ 30. By its verdict, the jury plainly chose to credit Watkins' testimony.

[*P45] Appellant was further convicted of felonious assault in violation of R.C. 2903.11(A)(1), which provides in relevant part that "[n]o person shall knowingly [c]ause serious physical harm to another." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Appellant argues that the state failed to prove he knowingly caused the gunshot wound to Watkins. Appellant asserts that the men's tussle over appellant's handgun was an unforeseen intervening act resulting in the accidental discharge of the firearm and thus, relieving him of the responsibility for Watkins' injury.

[*P46] It is a fundamental principle that a person is presumed to intend the natural, reasonable, and probable consequences of his voluntary acts. *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, ¶ 143, 842 N.E.2d 996; *State v. Spates*, 8th Dist. Cuyahoga No. 100933, 2015-Ohio-1014, ¶ 54. An accused need not foresee the precise consequences of his conduct. *Spates* at ¶ 54. To be actionable, it is only necessary that the result is within the natural and logical scope of risk created by the conduct. *Id*.

[*P47] It is uncontroverted that appellant set into motion the sequence of events by approaching Watkins' car armed with the loaded 9mm handgun, pointing the handgun at Watkins, ordering him out of the car, and demanding the marijuana. Subsequently, whether Watkins surrendered his weapon as appellant asserts or never had a weapon as Watkins testified, appellant could have reasonably foreseen that his unprovoked confrontation of Watkins with a firearm would result in Watkins' active resistance and attempt at disarming appellant. Thus, the men's struggle over the handgun and the resulting discharge of the firearm were a reasonable possibility. See *State v. Johnson,* 4th Dist. Scioto No. 13CA3580, 2014-Ohio-4443.

[*P48] Even if the men's struggle over the handgun constituted an intervening act, it was a reasonable, foreseeable response to an armed appellant confronting Watkins rather than a mere coincidence as appellant asserts. Because Watkins' actions in attempting to neutralize and disarm appellant were neither abnormal nor unforeseeable, they did not break the chain of causation so as to relieve appellant from criminal liability for felonious assault related to the serious physical injury suffered by Watkins. *Id*.

[*P49] The jury was presented with two different versions as to how the struggle began and the handgun discharged. Appellant claimed that the handgun discharged when he tried to take it back from Watkins whereas Watkins testified the handgun discharged as he was trying to disarm appellant. Appellant's conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony. *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 17. By its verdict, the jury plainly chose to credit Watkins' testimony.

[*P50] Appellant was further convicted of tampering with evidence in violation of R.C. 2921.12(A)(1), which provides in relevant part that "[n]o person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall [a]lter, destroy, conceal, or remove any thing with purpose to

15

> impair its value or availability as evidence in such proceeding or investigation." Appellant argues the state failed to prove that his intent in pawning the 9mm handgun was to impair its value or availability as evidence. Appellant asserts that the only evidence of his intent in pawning the handgun was his statement to Sergeant Fausnaugh that he pawned the handgun for money.
>
> [*P51] A conviction for tampering with evidence requires "proof that the defendant intended to impair the value or availability of evidence that related to an existing or likely official investigation or proceeding." *State v. Straley,* 139 Ohio St.3d 339, 2014-Ohio-2139, ¶ 19, 11 N.E.3d 1175. "Likelihood is measured at the time of the act of alleged tampering." Id. Tampering with evidence requires a person to act with purpose, meaning the person has a specific intention to cause a certain result. See R.C. 2901.22(A). Purpose is generally shown by circumstantial evidence. *State v. McGee,* 1st Dist. Hamilton No. C-150496, 2016-Ohio-7510, ¶ 28.
>
> [*P52] We find that the jury did not lose its way and create a miscarriage of justice in finding appellant guilty of tampering with evidence. Appellant's specific intent to impair the value or availability of the 9mm handgun after the shooting can be inferred from the fact that although appellant was shot when Watkins allegedly tried to rob him, appellant did not report the incident to the police and subsequently pawned the handgun. Thus, a reasonable inference could be made from appellant's actions that he intended to put the handgun beyond the reach of the investigation. Appellant certainly had a motivation to dispose of the handgun. The fact that appellant received money for pawning his handgun does not necessarily mean he did not dispose of the handgun with the intent to impair its value or availability as evidence in the police investigation of the shooting. By its verdict, the jury plainly rejected appellant's alleged reason for pawning the handgun.
>
> [*P53] In light of all of the foregoing, we find that appellant's convictions for aggravated robbery, felonious assault, and tampering with evidence were not against the manifest weight of the evidence. Our determination that appellant's convictions were supported by the weight of the evidence is also dispositive of the issue of sufficiency. *Peyton*, 2017-Ohio-243 at ¶ 48.

*State v. Taylor*, 2019-Ohio-3437 at ¶¶ 40-53.

Respondent defends the Twelfth District's decision on the merits, asserting it is a reasonable application of *Jackson* based on a reasonable determination of the facts (Return of Writ,

16

ECF No. 8, PageID 579). Taylor does not disagree on the standard of review to be applied. Indeed his entire argument in this section of his Reply is devoted to arguing the certificate of appealability issue (Reply, ECF No. 11, PageID 597-98). Nor does he even attempt to show that the Twelfth District's application of the standard was an objectively unreasonable application of *Jackson*. Upon review the Magistrate Judge agrees with the Twelfth District: Taylor has not shown the Twelfth District's application of *Jackson* is objectively unreasonable or based on an unreasonable determination of the facts based on the evidence presented. Ground Three should be dismissed on the merits.

**Ground Four: Conviction Against the Manifest Weight of the Evidence**

In his Fourth Ground for Relief, Taylor claims his conviction is against the manifest weight of the evidence. Respondent defends on the grounds that a manifest weight claim is not cognizable in habeas (Return of Writ, ECF No. 8, PageID 582).

Taylor rejoins that manifest weight is indeed a cognizable claim (Reply, ECF No. 11, PageID 598-99, citing *Renico v. Lett*, 559 U. S. 766 (2010); *Leonard v. Warden Ohio State Penitentiary*, 2013 U. S. Dist. Lexis 30972 (S.D. Ohio 2013); *Cavazos v. Smith*, 565 U. S. 1 (2011), and *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

The cited authority does not support the cognizability of a manifest weight claim. In *Renico* the Supreme Court reversed the Sixth Circuit grant of habeas relief because the Michigan Supreme Court's application of Supreme Court precedent was not unreasonable. *Cavazos* is a sufficiency case. In *Tibbs* the Court held a state court reversal of a verdict as against the weight of the evidence did not preclude retrial under the Double Jeopardy Clause, unlike a reversal for insufficiency. In

17

*Leonard* the petitioner pleaded both insufficiency and manifest weight in Ground Twenty-Four. Despite that pleading and the fact that the Ohio Supreme had decided the combined claim, this Court declined to do so, holding:

> Although Leonard pleads both an insufficient evidence and a manifest weight claim, he only argues the former (Traverse, Doc. No. 17, PageID 572-578). This is appropriate because the manifest weight claim is not cognizable in habeas corpus. That is, imprisoning a person on a conviction which is against the manifest weight of the evidence does not violate the United States Constitution.

The Sixth Circuit has plainly held a manifest weight claim is not cognizable in habeas. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). Ground Four should therefore be dismissed as non-cognizable.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under

Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

August 16, 2022.

s/ *Michael R. Merz*<br>
United States Magistrate Judge