IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRANDON J. TAYLOR,** | : | |
| | : | |
| Petitioner, | : | Case No. 2:21-cv-5103 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Michael R. Merz |
| | : | |
| **WARDEN, SOUTHEASTERN** | : | |
| **CORRECTIONAL INSTITUTION,** | : | |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter comes before the Court on Petitioner's Objections (ECF No. 16) to the Magistrate Judge's Report and Recommendation (ECF No. 13). The Magistrate Judge's Report and Recommendation ("R&R") recommended that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be denied and that this action be dismissed. For the following reasons, this Court **ADOPTS** the Magistrate Judge's R&R (ECF No. 13). Petitioner's Objections (ECF No. 16) are thus **OVERRULED**, and his Petition (ECF No. 1) is **DISMISSED**.

### I.  BACKGROUND

On February 2, 2018, the Fayette County Grand Jury indicted Petitioner on the following five counts: one count of aggravated robbery, with a firearm specification, in violation of Ohio Revised Code § 2911.01(A)(1) and (C) (Count 1); one count of felonious assault, with a firearm specification, in violation of Ohio Revised Code § 2903.11(A)(1) and (D)(1)(a) (Count 2); one count of felonious assault, with a firearm specification, in violation of Ohio Revised Code § 2903.11(A)(2) and (D)(1)(a) (Count 3); one count of tampering with evidence, in violation of Ohio Revised Code § 2921.12(A)(1) and (B) (Count 4), and one count of discharge of a firearm on or

near prohibited premises, in violation of Ohio Revised Code § 2923.162(A)(2) and (C) (Count 5). (ECF No. 13 at 1–2). The jury found Petitioner guilty on all counts and imposed an aggregate sentence of fourteen years. (*Id.* at 2).

Petitioner appealed to the Ohio Twelfth District Court of Appeals, which affirmed his conviction. (*Id.*). The Ohio Supreme Court declined to exercise jurisdiction over Petitioner's subsequent appeal. (*Id.*).

Petitioner's next step was to file a *pro se* Petition for Writ of Habeas Corpus in this Court on October 22, 2021. (ECF No. 1). In his Petition, Petitioner pleads the following four grounds for relief: 1) trial counsel rendered ineffective assistance during trial; 2) the trial court caused prejudice to Petitioner when it erroneously refused to allow him to cross-examine a state witness about a prior conviction; 3) the trial court convicted him based on constitutionally insufficient evidence; and 4) his conviction in the trial court was against the manifest weight of the evidence. (*Id.* at 2–3) (citing ECF No. 1 at 5–10).

On August 17, 2022, the Magistrate Judge issued an R&R in this matter. (ECF No. 13). The R&R recommended that Petitioner's Petition be dismissed with prejudice. (*Id*. at 18). The Magistrate Judge therein also recommended that this Court deny Petitioner a certificate of appealability and certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*. (*Id.*). Specifically, the R&R recommended that all four of Petitioner's claims be dismissed for the following reasons.

The Magistrate Judge first considered whether Petitioner received ineffective assistance of trial counsel when his attorney failed to excuse peremptorily a juror who had worked in the sheriff's office and was employed as a probation officer at the time of the trial. (*Id.* at 3). The R&R noted that Petitioner's burden for demonstrating ineffective assistance of counsel under *Strickland*

2

*v. Washington*, 466 U.S. 668 (1984), required him to show deficient performance by his counsel and resulting prejudice. (*Id.* at 8). The Twelfth District had previously dismissed Petitioner's ineffective assistance of counsel claim on the merits, applying *Strickland*. (*Id.*). The R&R noted that Petitioner failed either to argue that the Twelfth District's decision was unreasonable or to point to any place in the record where the juror at issue demonstrated bias against him. (*Id.*). The R&R concluded that the Twelfth District's application of *Strickland* was reasonable and that Petitioner's first ground for relief was thus due dismissal. (*Id.*).

The Magistrate Judge moved on to Petitioner's second ground for relief: that his Sixth Amendment right to confront the witnesses against him was violated when the trial court refused to allow him to cross-examine a state witness about a prior conviction. (*Id.* at 8). The R&R noted that the only issues that Petitioner raised before the Twelfth District in his Second Assignment of Error were directed to the trial court's application of Ohio Rule of Evidence 609. (*Id.*). In other words, the R&R reasoned that Petitioner's appeal lacked any argument arising under federal constitutional law concerning the prosecution's use of his prior convictions at trial. (*Id.*). The R&R thus found that Petitioner's second ground for relief was procedurally defaulted because he failed to present the ground to the Ohio courts as a federal constitutional claim. (*Id.* at 9).

The Magistrate Judge next considered Petitioner's third ground for relief: that he was convicted on constitutionally insufficient evidence in violation of the Fourteenth Amendment's Due Process Clause. (*Id.* at 10). The Magistrate Judge noted that, in a habeas corpus case based on a sufficiency of the evidence claim, deference should be given both to the trier-of-fact's verdict and the appellate court's consideration of that verdict. (*Id.* at 11). The Magistrate Judge recommended dismissing Petitioner's third ground on the basis that Petitioner failed to make the required showing (or argument) that the Twelfth District's dismissal of his sufficiency-of-the-

3

evidence claim was unreasonable or based on an unreasonable determination of the facts. (*Id.* at 17).

The Magistrate Judge finally considered Petitioner's fourth ground for relief: that his conviction was against the manifest weight of the evidence. (*Id.*). The R&R recommended the dismissal of this ground on the basis that the Sixth Circuit "plainly held" a manifest weight claim to be non-cognizable in habeas actions. (*Id.* at 18) (citing *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986)).

Petitioner timely filed his Objections to the R&R. (ECF No. 16).

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), when reviewing objections to an R&R, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Thus, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This permits the state court "an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Id*. In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief to a "claim that was adjudicated on the merits in State court proceedings" only if the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

4

proceeding." 28 U.S.C. § 2254(d). An adjudication is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a set of materially indistinguishable facts." *Sojetz v. Ishee*, 892 F.3d 175, 192 (6th Cir. 2018). In addition, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

### III.  LAW AND ANALYSIS

Petitioner listed four Objections to the R&R. Each Objection, however, merely summarizes the Magistrate Judge's conclusions and then states some variation of "Petitioner Taylor OBJECTS to these conclusions." (ECF No. 16 at 1–2). Petitioner provides no further argument providing any basis for his first four Objections.

Petitioner makes one additional argument, which this Court construes as a fifth Objection, that "the Ohio Court of Appeals is not an Article III Judge . . . [so] this Court must independently determine the constitutionality of his detention." (*Id*. at 3). In other words, Petitioner asserts that "any deference to the Ohio Court of Appeals adjudication of his federal claims is unconstitutional and suspends the writ of habeas corpus." (*Id*.). Petitioner's argument is plainly foreclosed by the following holding from the Supreme Court:

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

*Harrington*, 562 U.S. at 100.

More directly, the Supreme Court explicitly noted that "the purpose and mandate of AEDPA and . . . [the] function of habeas corpus in the federal system" is to provide deference to the state court's determination concerning a state conviction and to avoid "improper intervention in state criminal processes . . . " *Id*. at 104. And, as explained by the Sixth Circuit, federal courts "may not disregard Supreme Court precedent unless and until it has been overruled by the Court itself." *Taylor v. Buchanan*, 4 F.4th 406, 408 (6th Cir. 2021). At any rate, Petitioner's fifth Objection fails to provide any argument or make the necessary showing that would undermine the deference to which the Twelfth District's determination is otherwise due.

Petitioner's Objections thus fail substantively to address the R&R; instead, they indicate merely that he disagrees with the R&R's conclusions. Consequently, Petitioner's Objections are overruled. *See Frazier v. Woods,* No. 20-1325, 2020 WL 9263004, at *3 (6th Cir. Nov. 10, 2020) (holding that, "[b]ecause [plaintiff's] objections did not specifically address the magistrate judge's findings or conclusions, [he] has arguably waived further review of his . . . claims."). This Court will thus adopt the R&R and enter it as the findings and conclusions of this Court.

## IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report & Recommendation (ECF No. 13) is **ADOPTED,** and Petitioner's Objections (ECF No. 16) are **OVERRULED**. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is thus **DISMISSED**. Because reasonable jurists would not disagree with this conclusion, Plaintiff is **DENIED** a certificate of appealability, and this Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  October 16, 2023**